**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4097**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEFFERY K. ARMSTRONG,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:11-cr-00304-GBL-1)

Submitted:  June 20, 2012          Decided:  August 22, 2012

Before GREGORY, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth M. Robinson, Eric H. Kirchman, Rockville, Maryland, for Appellant.  Neil H. MacBride, United States Attorney, Eric G. Olshan, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffery Armstrong appeals his 18-month sentence and restitution order in the amount of $129,153.19 after a jury rendered a guilty verdict on nine counts of wire fraud in violation of 18 U.S.C. § 1343. Armstrong contends that: (1) the district court abused its discretion by granting the government's motion to limit cross-examination regarding the existence of a hostile work environment; (2) there was insufficient evidence to convict him of wire fraud; and (3) the district court abused its discretion by denying his request for a continuance so that he could replace retained counsel.

For the reasons that follow, we affirm the district court's sentence.

I.

Armstrong first challenges the district court's pretrial ruling limiting cross-examination of his former supervisors concerning the existence of a hostile work environment at the National Labor Relations Board (NLRB) and the United Nations (UN), claiming that the court's decision improperly curtailed his Sixth Amendment right to explore the witnesses' bias and hostility toward him. Additionally, Armstrong faults the trial court for denying him a line of cross-examination focused on whether Armstrong had filed a

2

complaint about his supervisor Bruno Henn's purported hostility toward Americans and African Americans. Limitations on cross-examination of government witnesses are reviewed for abuse of discretion. United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002). In cases involving violations of a defendant's rights under the Confrontation Clause, a reviewing court will not reverse a conviction based on improper limitation during cross-examination so long as the error is harmless beyond a reasonable doubt. United States v. Turner, 198 F.3d 425, 430 n.6 (4th Cir. 1999).

Because the district court afforded Armstrong ample opportunity to cross-examine his supervisors with regard to their personal biases, and because the court's narrow rulings merely limited cross-examination of irrelevant issues of general workplace hostility, we cannot say that the district court abused its discretion in granting the government's request. As such, Armstrong's Sixth Amendment claim is without merit.

In any event, even if we were to find that the district court abused its discretion when it limited Armstrong's cross-examination, and such a denial implicated Armstrong's rights under the Confrontation Clause, any such error was harmless beyond a reasonable doubt. The jury had before it ample evidence on which to determine Armstrong's guilt aside from Henn's testimony. Moreover, any cross-examination of Henn

3

regarding Armstrong's allegations of racial and national bias would have been cumulative of Armstrong's own subsequent testimony. Finally, the record contains no evidence to support such a theory, and Armstrong's attorney was free to question Henn regarding his personal biases, notwithstanding the district court's limitations on Henn's cross-examination.

II.

Armstrong next challenges the sufficiency of the evidence to support his conviction. This claim is likewise without merit.

In reviewing the sufficiency of the evidence supporting a conviction, the standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). This Circuit has added that a defendant challenging the sufficiency of the evidence supporting his conviction bears "a heavy burden," United States v. Hoyte, 51 F.3d 1239, 1245, (4th Cir. 1995), and that a conviction must be upheld if the evidence, viewed in the light most favorable to the government, supports the verdict. See United States v. Stewart, 256 F.3d 231, 249 (4th Cir. 2001). In addition, where, as here, a defendant fails to challenge the

4

government's evidence pursuant to Federal Rule of Criminal Procedure 29(a), following the close of the government's case, a reviewing court looks merely for plain error. United States v. Wallace, 515 F.3d 327, 331-32 (4th Cir. 2008).

Armstrong claims that the government failed to adduce sufficient evidence that he committed wire fraud. In this Circuit, wire fraud under 18 U.S.C. § 1343 requires "two essential elements: (1) the existence of a scheme to defraud and (2) the use of . . . wire communication in furtherance of the scheme." United States v. Curry, 461 F.3d 452, 457 (4th Cir. 2006).

Viewing all of the evidence in the light most favorable to the government, the record contains sufficient proof -- by both direct and circumstantial evidence -- that Armstrong devised and executed a scheme to defraud the UN and the NLRB and employed a multitude of materially false representations and omissions in order to succeed. Likewise, it was reasonably foreseeable to Armstrong that he would reap the rewards of his fraud via interstate direct deposits. As such, under deferential plain error review, there was no error in the jury's guilt determination.

III.

Finally, Armstrong contends that the district court abused its discretion by denying his request for a continuance on the eve of the trial so that he could substitute his retained counsel with a different lawyer. Reviewing courts will only find an abuse of the district court's broad discretion if the court acted unreasonably or arbitrarily in denying a continuance so that the defendant can secure counsel of choice. Morris v. Slappy, 461 U.S. 1, 11-12 (1983).

The record here establishes no such abuse of discretion on the part of the district court. Indeed, numerous factors counsel in favor of concluding that the trial court acted well within its broad discretion when it denied Armstrong's motions and proceeded to trial. In light of the timing of Armstrong's motion, the routine nature of his dispute with his lawyer, the uncertainty concerning who he would retain as substitute counsel, the presence of competent local counsel, and the significant inconvenience to the government and the witnesses, the court's decision was wholly reasonable.

Because the district court possessed multiple legitimate grounds on which to base its denial of Armstrong's motion for a continuance, it did not act unreasonably or arbitrarily. Armstrong cannot establish an abuse of the court's

6

discretion, and his claimed infringement of his right to counsel under the Sixth Amendment is likewise without merit.

IV.

For the reasons set forth above, we affirm the district court's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED